Case number 19-3040 United States of America versus Floyd Clark a balance. Mr. Kersh for the imbalance. Mr. Randolph for the appellee Mr. Kersh, good morning. Good morning You'd like to proceed yes, thank you very much While the case is pending the court asked specifically for argument regarding the issue of finality on the 1291 So I'd like to start my initial seven minutes of time addressing 1291 I would say, excuse me, counsel wasn't our question broader. What is the jurisdiction in this case. Well, I read it as specifically whether or not the issue of finality was what the court wanted to Yes, but, but that doesn't just refer to 1291 does it No, I have been in jurisdiction. Are you referencing the 2255 issue that was raised. Yes, yes, but yeah, go ahead. As far as I'm concerned, you can talk about whatever you Very well. Thank you. Well, under the 1291 I believe is controlled by Gillespie versus United States, which is cited 379 US 148 It was a 1964 decision from the Supreme Court and the Supreme Court said that under 1291 appeals must be taken from final orders, but then the court specifically said A decision final within 1291 does not necessarily mean the last order possible to be made in the case. Court went on to say it is impossible to devise a formula to resolve all marginal cases and in Gillespie that the court adopted or stated what they call the practical approach to the issue of finality. And that under the particular circumstance I would submit under the particular circumstances of this case. That for practical reasons, the issue that is before this court is in fact a final judgment final order of Judge Friedman. The practical reasons we would submit or that the substantive issue the recantation was raised initially in the pro se pleading and then supplemented by Council in 2015 the secondary issue on the night. Excuse me, counsel. The 924 C issue is still before the judge. That's correct. That's Isn't that the problem. No, not. I would submit your honor respectfully that under the practical approach because the 924 C issue arose subsequent to the substantive issue. That there is a good practical reason under Gillespie for the judge to have decided The substantive issue and for this appeal to have been taken at the time that he made the decision on the substantive issues. I would note that the government. Well, number one, I would note that Judge Friedman granted the certificate of appeal ability and in the motion for the certificate of appeal ability in the government's opposition. They did not raise finality. So this is this this came up. Just prior to this argument and But counsel jurisdictional issues doesn't have to be raised by the party. I understand, but I would submit to the court. The fact that they didn't address it means that they weren't considering it and that I think I would submit to the court that Council that 10 cents. It gets you on a trolley car. Well, I would submit to the court. I understand what you're saying, but I believe that using this practical approach and taking into account that Judge Friedman Specifically issued the order and and in it. He also well he issued the order and then he issued the certificate of appeal ability that he considered the issue to be a final determination. So I would submit under those factors, taking into account the nature of the case and also using the practical approach. I would submit that Mr. Clark has an immediate liberty interest in getting an adjudication on the merits of the substantive issues. Can I, can I read a couple of quotes From a Second Circuit case 1986 obviously it's not controlling on us, but it is on point as I could find It's called Bermuda as the Smith. And in that case, a habeas petition was was raised at the district court on several claims. Some of the claims were decided. Some of the claims were not The habeas petition or appealed to the Second Circuit and the Second Circuit said we don't have appellate jurisdiction here because Part of the claims are still pending and what it said is that a final decision. Generally is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment and specifically With regard to the habeas case with multiple claims it pointed out the two and I'm quoting here to allow separate claims to be dismissed and then heard on appeal, while other claims remain to be adjudicated by the district court, which is exactly our case here. Would encourage piecemeal and time consuming litigation, it would run contrary to long standing policy grounded in the nature of the relationship between trial and appellate courts, including the saving of time. And the avoidance of unnecessary expense and unnecessary appellate lawmaking, as well as a duplicative effort on the part of all concerned. I take I'm I, as I said that that decision is not controlling on us. But can you tell me why we shouldn't find it persuasive. You know, I understand the reasoning in the Second Circuit and that follows. Generally, the reasoning of appellate courts that have addressed the issue on finality. My argument is that Gillespie opens the door a little bit and suggest that appellate courts should look at the practical approach and how does this affect In that case that that was a an appeal from a denial of a partial motion to dismiss and in Earl. This court said that the appellant did not satisfy The under the practical approach, but what Earl versus SEC does say is that they reiterated the vitality of Gillespie and and the notion in Gillespie that Appellate courts should take this quote unquote practical approach so that litigants when they have practical reasons why issue should be decided, you can still have remaining an issue before the trial court. So let me ask you, Mr. Curious, I, I agree with you in this case in that if we were to rule with you that would end this prosecution. The 924 see if we wait for that is really the tail wagging the dog. And that is a practical reason to go ahead and consider this issue. But how do we determine If that's the test. In other words, what's left Before the district judge and if if what's left is not determinative of whatever issue is being appealed We would go ahead. Is that the test that you would Apply or that you think Gillespie would apply. Well, I think, yes, I believe that, you know, Gillespie leaves the door open and specifically suggests in the opinion that there's no that what they call a magic formula. Every case has to be decided on its individual merits and in this case, the issues are completely separate We have one we recantation. And then the second issue and subsequent issues to 924 seek out And we really, we had to wait for a determination from the Supreme Court, which finally came down United States versus Davis. On the 924 see that issue is now 924 see is back before Judge Friedman and there's a lot of litigation that is still has to occur in that case. In that case, before a final decision on that issue can be adjudicated so But if we were to buy your argument with this issue before us the recantation That's the end of the 924 see That's correct, because that would be dispositive On the recantation if the judge if this court ruled in appellant's favor on the recantation Judge Freeman's already ruled that without Mr. Walker's testimony, the government has no case. Are you relying on Habeas corpus Language or 1292 which is it It's it's well the habeas is the it's 2255 and it's the we're dealing with the one year statute. Yes. But your, your view is that 1292 with a more flexible view of finality overrides the habeas corpus provisions. Yes. And again, I would say that I understand what Judge Walker was reading from and I understand that's that's that's the language you find in most of these cases, but we do have Gillespie, then I submit that it that the practical approach is at least in this jurisdiction still a viable approach to take in a case like this. All right. If there are no more questions and Mr. Curse will give you a couple minutes and reply. Mr. Randall You Good morning, Your Honors, and may it please the court, Daniel Randolph for the United States. Like to begin also by addressing the jurisdictional issue that the court identified in its order. The government also believes that this was a final appeal order, although for a different Reason and different rationale than was articulated by appellant as explained in our brief appellants. newly discovered evidence claim was in substance, a rule 33 motion and because rule 33 and section 2255 are distinct procedural vehicles. This court has jurisdiction to review the denial of a rule 33 motion, even though there are section 2255 claims pending before a district court and we would just point the court to two sources of authority for this proposition. The first is an older case from this court, but it's still good law and it's still cited in the treatises. That's Bruno versus United States, B-R-U-N-O, this is 180 F 2nd 393 And that's DC Circuit 1950 And this case holds two things that are important here. First, that a rule 33 motion is properly understood as, quote, part of the original criminal proceeding. And the second holding is, quote, that a section 2255 motion commences a new and independent proceeding. So not only are these different types of motions, but they're actually different proceedings and then even more on point here is a Seventh Circuit case. This is United States versus Steele, S-T-E-E-L-E. And this is an unpublished case, but we would cite it for its persuasive value here. It's 72 Federal Appendix 478 Seventh Circuit 2003 And this is a Fairchild-Posner-Wood decision. In a single motion, appellant brought newly discovered evidence claims and constitutional error claims. And the district court denied the newly discovered evidence claims under Rule 33 and sent it up on appeal. The district court reserved on the 2255 claims. And the Seventh Circuit held that it had jurisdiction over the Rule 33 denial, even though there were still 2255 claims pending before the district court. And so we think that those two pieces of authority are fairly strong support for the government's position here. Counsel, what was the theory of the Seventh Circuit? The theory, Your Honor, was that these are utterly distinct procedural vehicles and that's a direct quote from the opinion. They have different time limits. They have a different scope in terms of the substantive claims that can be brought within each provision. And this is outlined in the government's brief as well because we do think the procedural argument should should carry the day here. Did the Seventh Circuit conclude it was a final order? Yes, Your Honor. A final partial order, a partial final order. Is that correct? Well, I don't recall that the court used the word partial. That's in effect my understanding of the case, right? I'm not familiar with the case, but I gather you're saying it's the Seventh Circuit thought it was a partial final order. Therefore, it was a final order. I think that's a fair way to characterize it. Yes, Your Honor. The holding was that I have great respect for the Seventh Circuit, but why isn't that gobbledygook? Well, Your Honor, I think far from gobbledygook. I think it's actually the legally correct position here. This court has an obligation to look beyond the label of a motion and to construe it according to its substance. And that's especially the case when it comes to jurisdiction. And it's especially the case when it comes to habeas because there are all sorts of incentives that litigants have to call their motions something other than what they really are. And, you know, one good example of this is, apologies, I'm going to cite another Seventh Circuit case here, but the Evans case that's cited in the government's brief. There is sort of the flip of this case. The defendant brought a Rule 33 motion and the district court treated it as a Rule 33 motion. But this was Judge Easterbrook. He said, no, this wasn't a Rule 33 motion. This was a Section 2255 motion, and it's second or successive. And so the district court doesn't have jurisdiction over this. And so analogously, this court, we would submit, must do the same thing here with respect to appellants, what appellant has called a 2255 newly discovered evidence claim. This was in substance a Rule 33 motion, and that is also highly relevant for this court's jurisdictional analysis. If we were to accept everything you just said, then that would save Mr. Clark here in terms of it would allow him to appeal the district court's order. However, it would doom his appeal because we would be viewing the original motion by him as a Rule 33, which we all agree is time barred. Am I following? Yes, Your Honor. That's the government's position that this is the legally correct outcome here. Appellant's motion was in substance a Rule 33 motion, but it is time barred. Also, because it was in substance a Rule 33 motion, this court has jurisdiction to reach that holding. Unless the court has any further questions on the jurisdictional issue, just make a brief point about the procedural argument. We don't think there's a lot of gray area here. The law in this area is actually even more settled than the government initially understood when submitting its brief in the course of preparing for this argument. We came across another older case. This is from the World War II era, but it's from this court. What happened in this case, this is Hodge v. Huff, H-O-D-G-E v. Huff, H-U-F-F, 1-4-0, F-2nd, 6-8-6. This is from 1944. It isn't cited so much anymore, but it's still good law. What happened in that case, it was a habeas case. The defendant brought a habeas motion based on perjury. The court held that alleging perjury alone without alleging and substantiating a claim that the prosecution either knew or should have known about that perjury is not a due process claim, and it's not cognizable under habeas review. In some sense, we think this court has essentially answered this question 75 years ago. That's consistent with all of the cases the government did cite in its brief, including the Herrera case, as well as the Berry case, the Conley case from the First Circuit. We think that this procedural argument really is the legally mandated outcome here and that there isn't a whole lot of gray area. Mr. Randolph, was Hodge an actual innocence case involving perjury? Your Honor, it was not an actual innocence claim. I'm actually not even sure that in the 1940s the notion of an actual innocence claim was even in the lexicon. But on the actual innocence point, we would just point to the government's footnote four in its brief, which does explain that the Supreme Court has assumed without deciding that there is an actual innocence claim. But it has also assumed that if there is such a claim, the defendant would have to meet an extraordinarily high threshold to satisfy that claim. I think the standard the Supreme Court says is the defendant would have to unquestionably establish innocence. Yes, Your Honor. And so we would submit that appellant has not attempted to meet that standard here and could not meet that standard here. Seeing that my time has expired. Oh, sorry. I see that. Is there a question? No. Thank you, Your Honor. We would just ask that the court affirm the denial of appellant's motion. Thank you. All right. Thank you, Mr. Randall. Mr. Kirsch, why don't you take a couple minutes? Okay. Thank you, Your Honor. Well, let me just start out by saying there are some aspects that I believe both parties agree on. Specifically, that is that Rule 33 and habeas under 2255 are utterly distinct. We'll call them remedies. And there are different timeframes. And so they are different procedures. One is part of the criminal case. One is actually a civil case. This case is litigated under 2255, which has the one-year time requirement from when the defendant reasonably should have known about the evidence. Rule 33 is much more strict. It's much more firm. It's three years. You're either in or you're out, and there's no dispute. And I would direct the court's attention to Judge Friedman's opinion. He wrote a lengthy opinion in this case. It was almost 50 pages in length. And he tackled this issue head on. And Judge Friedman said that this is a 2255 because it raises a constitutional issue. It raises the Fifth Amendment due process issue. And as long as the 2255 raises a constitutional issue, the trial court has jurisdiction. And then this court, I would submit, would have jurisdiction to hear it. And that's how this case was brought. Judge Friedman specifically cited another opinion. I understand it's another trial court opinion. But he cited an opinion from Judge Hogan, where Judge Hogan ruled in a very similar situation with respect to the issue of recantation that this is a constitutional issue. So we submit that this court should decide the issue under the 2255, which is what Judge Friedman did when he had the opportunity to rule upon it. And I see that my time is just about up, and so I will conclude with that. All right. Thank you, gentlemen. If there are no questions, then the case is submitted. Thank you very much.
judges: Henderson, Walker, Silberman